Stelle's Case.

In re the estate of SAMUEL C. STELLE, assigned for the benefit
of his creditors.

After the damages have been assessed against an assignee and his surety,
on their bond given under the assignment act, the surety cannot have the
amount of a creditor's claim deducted therefrom, on the ground that it was
not presented to the assignee under oath, where such claim was allowed and
included in all of the assignee's accounts, and no creditor objects thereto.
He is bound to answer for all the money found due from his principal.

*Mr. C. T. Cowenhoven*, for applicant.

*Mr. A. V. Schenck*, for Juliet Stelle.

THE ORDINARY.

The bond given according to the statute by the assignee of
Samuel C. Stelle, was prosecuted by direction of the ordinary,
and a judgment was rendered thereon against the assignee and
his surety for the amount of the penalty. The damages were
assessed by the ordinary, and execution issued for the amount
thereof, and costs accordingly. The surety applies for a reduc-
tion of the amount of the assessment to the extent of the divi-
dend allowed to Mrs. Juliet Stelle by the decree made on the
assignee's final account. That dividend was ordered on a claim
originally in favor of the Raritan Building Loan Associa-
tion, and assigned by the association to Mrs. Stelle. The ground
on which it is urged that it should be disallowed is that the
claim was not presented under oath or affirmation. The claim
was based on the assumption by Samuel C. Stelle, on the con-
veyance of land to him, of a mortgage thereon, the amount of
the mortgage being allowed to him as so much of the purchase-
money. The property passed to the assignee under the assign-
ment. He appears to have obtained from the association a state-
ment of the amount due on the mortgage, and to have reported

it as a claim to that amount against the estate, in favor of the association. He sold the property subject to the mortgage, and the mortgage was afterwards foreclosed. The decree of foreclosure was assigned to Mrs. Stelle, in consideration of the payment by her of the full amount due thereon. The property was subsequently sold under the foreclosure, and there was a deficiency. In the assignee's final account, made after the sale under the foreclosure and before the suit was brought on the assignee's bond, the debt of Mrs. Stelle was stated at the amount due for the deficiency. There never was any exception filed to the claim. The assignee not only reported but swore to it in 1876 as a claim duly made, and it was afterwards sold to Mrs. Stelle. Subsequently to the sale of the claim to her, it was put in the assignee's account in her own name, and by order of the court she was declared to be entitled to a dividend on it. But, further and principally, by his final account it appears that the assignee had in his hands a certain sum of money distributable among the creditors. Who those creditors are, and what is their dividend, the court has settled. No creditor is here objecting to Mrs. Stelle's claim, but it is the surety who objects, and who thus seeks to avoid payment of part of the money which it is admitted is due from him. The creditors have never questioned Mrs. Stelle's right to a dividend. If the present application were successful, the practical effect would be to relieve the surety from the payment of money which he is clearly, both legally and equitably, bound to pay. He is bound for all the money which, according to the final account of the assignee, was in the hands of the latter for distribution among the creditors. By this application he practically seeks to be relieved from the payment of part of it, not on the ground that it is not due from the assignee, but on the ground that a creditor whom the court decreed to be entitled to it ought not, as between her and the other creditors, to have it. That is a matter which does not concern him. The application is denied, with costs.